IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE PATTERSON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | |
| | * | **14-321** |
| | * | |
| **EXPERIAN INFORMATION** | * | **JURY TRIAL DEMANDED** |
| **SOLUTIONS, INC.; TRANS UNION,** | * | |
| **LLC; INTUIT PAYMENTS, INC.** | * | |
| **CONSOLIDATED RECOVERY** | * | |
| **GROUP, LLC** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

**COMES NOW**, Plaintiff, George Patterson, by and through the undersigned attorneys, and brings this action against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC. ("Trans Union"), Intuit Payments, Inc. ("Intuit") and Consolidated Recovery Group, LLC ("Consolidated") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

## THE PARTIES

2.  Plaintiff is a natural person and consumer, a resident and a citizen of Mobile County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by

1

§ 1681a(c) of the FCRA.

3. Defendants Experian Information Services ("Experian") is a corporation incorporated under the laws of Ohio. It has its principal place of business in California.

4. Experian is a consumer reporting agency as defined in § 1681a of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Defendants Trans Union, LLC ("Trans Union") is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois.

6. Trans Union is a consumer reporting agency as defined in § 1681a of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

7. Intuit Payments, Inc. ("Intuit") is a corporation incorporated under the laws of California. It has its principal place of business in California.

8. Intuit is a furnisher as defined in § 1681 of the FCRA, and reports credit information to consumer reporting agencies as defined in § 1681a(f) of the FCRA

9. Consolidated Recovery Group, LLC ("Consolidated") is a corporation incorporated under the laws of California. It has its principal place of business in California.

10. Consolidated is a furnisher as defined in § 1681 of the FCRA, and reports credit information to consumer reporting agencies consumer, as defined in § 1681a(f) of the FCRA.

## JURISDICTION AND VENUE

11. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

12. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

13. Mr. Patterson owns and operates GH Parts & Components, Inc. ("GH Parts") a business located in Summerdale Alabama. GH Parts is a heavy moving equipment parts distributor for large business applications. The Plaintiff's company sells parts domestically and internationally to a variety of customers.

14. In 2011, two individuals purchased parts from Mr. Patterson's company. GH Parts processed the credit card transactions and delivered the parts to the provided address.

15. Several months later, Mr. Patterson received a phone call from an individual concerning one of the purchases. Specifically, once of the purchases was for equipment that totaled over $13,000.00 and was paid for by a VISA credit card.

16. The individual advised the Plaintiff his VISA card was used fraudulently to make the purchases. Mr. Patterson was unaware of any parts sold based on fraudulent credit card activity and informed the individual that the sales made were processed normally through his company.

17. A few months passed and Mr. Patterson learned that the holder of the VISA card contacted their credit card company and affirmed that the card was used fraudulently to purchase

parts from GH Parts. On information and belief, the charges were reversed by VISA.

18. VISA subsequently contacted Intuit, the credit card processing company that was involved in the fraudulent orders made to GH Parts. Intuit refunded the charges to VISA.

19. Mr. Patterson was contacted by Intuit, and was informed that several credit card transactions that were used to purchase parts from his business were purchases made by stolen credit cards. Including the $13,000.00 purchase Mr. Patterson was already aware of, he was informed that the total amount of fraudulent transactions in 2011 totaled almost $50,000.00. Intuit informed Mr. Patterson that he was now personally liable for the "charge backs" based on a credit application that Mr. Patterson had completed back in 2004.

20. Confused by this demand, Mr. Patterson insisted on a copy of the agreement that was executed requiring him to credit Intuit back funds that were the result of fraudulent activity.

21. The Plaintiff received several emails, one with a copy of a credit application. The document included check boxes that were blank and did not contain a signature by the Plaintiff or Intuit. Intuit alleged that the incomplete application was the basis of the agreement and that under the terms of that agreement the Plaintiff owed almost $50,000.00 to Intuit due to the fraud. Mr. Patterson disputed any allegations that he was responsible for the amount owed and refused to pay Intuit any sums related to the fraudulent activity.

22. In June 2012, Mr. Patterson received a letter from Intuit seeking $48,659.06 on account number 426696500005435. This was the first in many letters seeking the collection of a debt that Mr. Patterson did not owe.

23. After several phone calls and emails to Intuit, it became clear that they were holding Mr. Patterson responsible for the debt, even though agents of Intuit were only able to

produced a online screen shot of a credit application which failed to show a signature of Mr. Patterson or any other terms or conditions purporting to holding him liable for "charge backs" that occurred based on the fraudulent activity that occurred in 2011.

24. Soon after, the Plaintiff learned that his credit file was reporting credit information that was inaccurate. Mr. Patterson ordered his credit reports and discovered that the collection account from Intuit was reporting on his Trans Union and Experian credit files.

25. The adverse information reported by Consolidated contained in the Plaintiff's consumer credit report by Experian and Trans Union stated and implied that the Plaintiff had an account in collections for almost $50,000.00.

26. Each individual credit report from Trans Union and Experian that Mr. Patterson obtained from the credit bureaus contained the debt that he was not liable for.

27. Plaintiff began disputing the inaccurate reporting of the Intuit account by Consolidated in the spring of 2013 to the credit bureaus and requested a reinvestigation and removal of the same.

28. The Plaintiff received the results of the investigation, however, only to discover the account was not removed by Experian or Trans Union.

29. Plaintiff once again disputed the inaccurate information which was still reporting on his credit reports. The letters were sent by certified mail which included all the required documentation to correct and remove the inaccurate account that was reporting.

30. Plaintiff disputed the inaccurate information with Trans Union and Experian several times, and this account continued to report the false and inaccurate information.

31. Both Trans Union and Experian refused to remove the disputed account from the

Plaintiff's credit file after multiple credit disputes.

32.     The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of the Defendant's publication of the adverse credit information.

33.     Defendants have repeatedly attributed adverse credit information to the Plaintiff that does not belong to him.

34.     Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

35.     The presence of this inaccurate trade-line on his credit report adversely affects his good name and creditworthiness.

36.     Experian and Trans Union have published very low credit scores about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

37.     Experian and Trans Union have published false adverse action codes about Plaintiff based on its inclusion of false data in Plaintiff's consumer credit reports.

38.     Experian and Trans Union prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. 1681a.

39.     Experian and Trans Union have repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

40.     Experian and Trans Union chose to continue to prepare and publish false consumer credit reports about Plaintiff.

41.     Experian and Trans Union took inadequate action to update Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

42. Likewise, Experian and Trans Union failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit data file and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by the Defendants and relayed for further use, reliance and publication by its subscribers.

43. Experian and Trans Union failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

44. Experian and Trans Union failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false and inaccurate data appearing on Plaintiff's consumer reports and as contained in its consumer reporting data bank, as required by the FCRA.

45. Experian and Trans Union failed to adopt and follow reasonable procedures to assure that previously deleted false and inaccurate data is not reinserted into the Plaintiff's consumer report.

46. Experian and Trans Union have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the Plaintiff that such information was inaccurate.

47. Experian and Trans Union through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

48. Experian and Trans Union are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

49. Further, by violating the FCRA and using unreasonable procedures for data accuracy and integrity, Experian and Trans Union likewise breached its contractual duties.

50. As a result of the misleading and inaccurate information reported by the Defendants, the Plaintiff has suffered sustained actual damages including, financial damages, credit denials, and emotional distress.

51. Defendants' conduct, action and inaction, were willful.

52. Defendants' actions and inactions were negligent.

53. Defendants did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in his credit file.

54. Defendants willfully determined to follow procedures which it did not review, confirm or verify the identity of persons on whom it reports information on.

55. The Defendants' wrongful conduct has caused the Plaintiff severe emotional distress.

### COUNT ONE
*(Failure to comply with 15 U.S.C. § 1681e(b), 1681i(a) of the*
*Fair Credit Reporting Act and State Laws by Defendants)*

56. This is a count against Defendants for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

57. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

58. Defendants willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer credit reports.

59. Defendants willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

60. The trade-lines contained within the Plaintiff's credit report as published by Defendants rendered that Equifax, Experian and Trans Union reports inaccurate.

61. Following receipt of Experian and Trans Union consumer reports, the Plaintiff requested that Defendants reinvestigate the inaccurate accounts.

62. As part of the reinvestigation, Defendants were required to notify the furnishers of the allegedly inaccurate accounts of the dispute in a notice.

63. That notice was required to include all relevant information regarding the dispute that the agency has received from the consumer.

64. As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

65. Defendants negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

66. In response to the request for reinvestigation, Defendants did not perform a proper reinvestigation, and did not delete the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5) when in fact it informed Plaintiff it had.

67. Defendants have maintained the inaccurate accounts on Experian and Trans Union files of the Plaintiff.

68. Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the inaccurate trade lines and has allowed previously deleted data to be reinserted in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

69. The Defendants have violated other sections of the FCRA which has caused damage to the Plaintiff and was otherwise careless and negligent regarding the treat of the plaintiff's file and disputes.

70. The Plaintiff suffered damages as a result of this violation of the FCRA.

71. Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    D.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

    E.    For such other and further relief as may be just and proper.

## COUNT TWO
*(Failure to Comply with § 1681s-2(b) of the Fair Credit Reporting Act and for Negligence against Intuit and Consolidated)*

72. This is a count against Intuit and Consolidated for their failure to comply with § 1681s-2(b) of the FCRA and negligence.

73. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

74. After receiving notice of the dispute from the Plaintiff and/or Experian and Trans Union, Intuit and Consolidated:

   a. Failed to conduct an adequate investigation with regard to the disputed information;

   b. Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

   c. Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies and continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA; and

   d. was otherwise careless and negligent.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

### COUNT THREE
*(State Law and FCRA Violations by Experian and Trans Union)*

75. This is a count against Experian and Trans Union for violations of the FCRA and state law.

76. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

77. Experian and Trans Union failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

78. Experian and Trans Union failed and refused to send Intuit and Consolidated all of the information regarding the disputed account that was supplied to them by the Plaintiff and his attorney.

79. Experian and Trans Union failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous.

80. Experian and Trans Union, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

81. In addition to actual or compensatory damages for its negligent conduct, Defendant Experian and Trans Union is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

**DATED** this the 17th day of July, 2014.

_____
JAMES D. PATTERSON (PATJ6485)

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:** 251.432.9212
jpatterson@alalaw.com

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

_____
JAMES D. PATTERSON

PLEASE SERVE THIS COMPLAINT BY CERTIFIED MAIL:

**EXPERIAN INFORMATION SOLUTIONS, INC**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**INTUIT PAYMENTS, INC.**
c/o CSC Lawyers Incorporating Svc Inc.
150 South Perry Street
Montgomery, AL 36104

**CONSOLIDATED RECOVERY GROUP, LLC**
425 West Fifth Avenue, Suite 103
Escondido, CA 92025